CASE 93—ACTION BY BOARD OF TRUSTEES OF PUBLIC LIBRARY OF COVINGTON AGAINST JOHN L. BEITZER, CITY TREASURER, FOR MANDAMUS TO COMPEL HIM TO SURRENDER CERTAIN FUNDS.—OCTOBER 7.

## Board of Trustees Public Library of Covington v. Beitzer, Treasurer.

APPEAL FROM KENTON CIRCUIT COURT—O. P. SCHMIDT, SPECIAL JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—PUBLIC LIBRARIES—ESTABLISHMENT—CITY OFFICERS—TREASURERS.

Ky. St., 1903, sec. 3210, provides for the establishment of free public libraries in cities of the second class, and sections 3210a, 3210b, as amendments thereof, authorize boards of trustees of

such libraries to purchase and hold property for library purposes, and to have custody and control of all funds that may be accumulated. It is also provided that, in aid of such libraries, the general council of the city shall pay over to the board of trustees three per cent. of the net amount of taxes levied for city school purposes, and one-half of fines and costs collected in the police court, and that such city council and the fiscal court, of the county—either or both—may accept any donation for library purposes, and comply with the conditions thereof, and the city and the fiscal court of the county are authorized to levy a special tax therefor. HELD, that a city library board had authority to appoint a treasurer to take charge of its funds so provided for, and that the treasurer of the city in which the library was located was not *ex officio* treasurer of the board.

H. C. THEISSEN, ATTORNEY FOR APPELLANT.

The only question to be decided in this case is whether the defendant as treasurer of the city of Covington is *ex officio* treasurer of the board of trustees of the public library, or whether the trustees of the public library can elect their own treasurer, with the right to the custody of all the library funds?

Our contention is that under section 3210, Ky. Statutes which provides that "said board (of library trustees) shall have the custody, control, management and expenditure of all funds that may, heretofore, have been accumulated for free public library purposes, or that may hereafter be accumulated for, or devoted to said purposes," there is nothing left to implication, but the natural and necessary construction, is that the Legislature gives to the library board the custody in connection with the control, management and expenditure of its funds.

## AUTHORITIES.

Ky. Statutes, secs. 3210. 3143, 3132, 3225; Definition of word, Custody; Bouvier's Law Dictionary; Black's Law Dictionary; Webster's Dictionary; Endlich Interpretation of Statutes, secs. 396, 52; Dillon on Mun. Corporations (3d Ed.), sec. 230.

M. L. HARBESON, ATTORNEY FOR APPELLEE.

We contend:

1. That the plain intention of the Legislature, in the absence of a charter provision creating the office of treasurer of the library board of trustees, or in the absence of a provision empowering the board to create it, was that the treasurer of the city should

Board Trustees Public Library of Covington v. Beitzer, Treasurer.

be the actual custodian of the funds, just as he was when the school board had control and custody under the previous act.

2. That as a municipal body can only exercise those powers conferred upon it by its charter, in the absence of a provision of its charter to that effect it can not create the office of treasurer.

3. It is conceded that the defendant does not refuse to honor and pay all orders directed by the library trustees, except an order directing him to pay all funds to a so-called treasurer of the board.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This is a real, but friendly, controversy between the appellant, the board of trustees of the public library of Covington, Ky., and the appellee, the treasurer of that city. The question involved is whether or not the latter is *ex offico* treasurer of the former. The remedy sought by the petition is a writ of mandamus to compel the appellee to turn over to the treasurer selected by appellant the money he holds, belonging to it, appropriated by law for its maintenance, which, it is alleged, he refuses to do. The pleadings aptly present the question in issue, and the case was tried upon an agreed statement of facts, which is as follows: "The plaintiff and defendant agree as to the following statement of facts: There was, as of October 1, 1903, in the hands of the defendant Frank Darenkamp (now John L. Beitzer), as city treasurer, $5,647.73, to the credit of the plaintiff, the trustees of the public library; that all matters of dispute between the plaintiff trustees and the board of education have been finally and completely settled, and that the amount which is now in the hands of the defendant to the credit of the plaintiff trustees is at all times subject to the order of the plaintiff trustees; that the defendant has at all times honored the order of said plaintiff trustees, except the order to pay to the treasurer of the board of trustees of the public library, plaintiff herein; that said defendant has

refused to honor the order to pay to the treasurer of the
board of trustees of the public library, on the ground that
plaintiff himself, as treasurer of the city of Covington, was
*ex officio* treasurer of the public library trustees; that the
only question in dispute is a question of law, to wit, wheth-
er the defendant, as treasurer of the city of Covington, is
*ex officio* treasurer of the board of trustees of the public
library, or whether the said trustees of the public library
can elect their own treasurer, with the right of the custody
of all the library funds.    In the former case this action
should be dismissed, but in the latter case the prayer for
mandamus should be granted."

Section 3210 of the Kentucky Statutes of 1903 provides
for the establishment of a free public library in cities of
the second class, of which the city of Covington is one. This,
and sections 3210a, and 3210b, which are amendments, con-
stitute the law regulating the subject-matter in hand.   By
the statute, the trustees—seven in number—are incorpor-
ated under the name and style of "Board of Trustees of the
Public Library of Covington," to have perpetual succession,
with the usual powers, and, in addition thereto, "may pur-
chase, receive, lease, hold,, sell and dispose of real and per-
sonal estate for library purposes.   Said board shall have
the custody, control, management and expenditure of all
funds that may hereafter have been accumulated for free
library purposes, or that may be hereafter accumulated for
or devoted to said purposes.   The mayor of the city and the
presiding judge of the county court of the county in which
the city may be located, in case the county contributes an-
nually to the maintenance of the public library, shall be
officials of said board, and the remaining five members there-
of shall be appointed by the mayor. . . .   Each shall
give bond in the sum of five thousand dollars, for the faith-

Board Trustees Public Library of Covington v. Beitzer, Treasurer.

ful performance of their duties. Said board shall have the power necessary to establish, and, when established, to maintain and conduct, said free public library, and may adopt from time to time rules and regulations for the proper conduct of said library. In aid of the establishment and maintenance of such library, there is hereby appropriated, and the general council shall annually direct to be paid over, as the same may be collected, to the board of trustees of the public library, three per centum of the net amount of taxes levied annually in the city for common school purposes, and one-half of the net amount of all fines and costs collected in the police court; and to further aid in the establishment and maintenance of such public library, the general council of the city and the fiscal court of the county, either or both, jointly or separately, are hereby authorized and empowered to accept, by ordinance, resolution, order or contract (and if necessary, unite with the board of trustees of the public library), any donation that may have been offered, or may hereafter be offered by Andrew Carnegie, or any other person, association or corporation, and comply with the conditions upon which the said donations may be offered and accepted, and make the terms of said contract perpetually binding upon said city and county; and said general council of the city and fiscal court of the county shall annually levy such special tax as may be necessary to comply with said conditions or terms of contract, and to provide the sums of money agreed therein to be paid annually and perpetually for the maintenance of said public library, and shall cause the same to be collected and paid over promptly to the board of trustees of the public library."

Section 3210 contains the following: "In aid of the establishment and maintenance of such library, there is here-

by appropriated and the general council shall annually direct to be paid over to said library three per centum of the net amount of taxes levied annually in the city for school purposes, and one-half of the net amount of all fines and costs collected in the police court." It will be observed that by the statute the appellant is clothed with the power necessary to establish, and when established, to maintain and conduct, a free public library, and to adopt from time to time rules and regulations for the proper conduct thereof, and that it is to have the custody, control, management, and expenditure of all funds that have been accumulated for public library purposes, or that may hereafter be accumulated for or devoted to such purposes; also that the general council of the city shall annually direct to be paid over to the trustees of the library three percentum of the taxes levied for school purposes, and one-half of the net amount of all fines and costs collected in the police court. It is difficult to find in these provisions any basis for the claim of appellee that he is *ex officio* the treasurer of appellant, The law fails to say so, but, on the contrary, in plain terms, directs that the funds appropriated for the establishment and maintenance of the library shall be paid over to appellant, each member of which is required to give bond for the faithful performance of his duty. Responsibility for the faithful care and custody of the funds is with the trustees, and they are responsible for its safe keeping and proper expenditure. That they are invested with the power to select a depositary or treasurer, for their own convenience, can not be doubted.

If anything is necessary, beyond the mere citation of the language of the statute thus far noticed, to refute the claim of appellee to be *ex officio* treasurer for appellant, it is to be found in the provision with reference to the county as

Board Trustees Public Library of Covington v. Beitzer, Treasurer.

distinguished from the city. The statute authorizes the fiscal court of the county, either jointly with the city or separately, to enter into a contract with Andrew Carnegie, or any other person, association, or corporation, to levy such special taxes as may be necessary to comply with the conditions or terms of the contract upon which the donation may be made, and to provide for the sums of money therein agreed upon to be paid annually and perpetually for the maintenance of the public library, "and shall cause the same to be collected as and when other taxes are collected and paid over promptly to the board of trustees of the public library." It will hardly be contended that appellee, as treasurer of the city of Covington, would have any right, *ex officio* to receive or hold the taxes levied by the fiscal court of Kenton county for the benefit of the library. The county tax, if any, is required to be paid over to appellant, just as the city tax is required to be paid over, and there is no language in the statute which would justify its being paid to appellee.

We are of opinion that the trial judge correctly held that appellee was entitled to receive from appellant all money held by him belonging to it, but erred in holding that the petition should be dismissed because there was nothing in the record to show the name of the treasurer appointed by appellant. The pleadings and the agreed facts show that appellant had appointed a treasurer, and directed appellee to pay over to him the sum in his hands belonging to it, which he refused to do, claiming to be himself the treasurer of appellant. It was not necessary for the order of appellant on appellee to state the name of the treasurer who was to receive the money. His designation by title was sufficient. There is no contention on the part of appellee that he had any doubt as to the identity of the treasurer of appellant.

His refusal to pay was not based upon any technical defect in the order, but alone upon the claim that he was *ex officio* the treasurer of appellant, and that it had no authority to appoint any other.

The writ of mandamus prayed for should have been awarded. Wherefore the judgment is reversed for proceedings consistent herewith.